IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PEGGY L. CARLSON,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, *in her capacity as Acting Commissioner of the Social Security Administration*,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR ATTORNEY FEES**<br>**(ECF No. 25)**<br><br>Case No.  2:11-cv-386-EJF<br><br>Magistrate Judge Evelyn J. Furse |

Peggy Carlson filed this action in May 2011 asking this Court to reverse the final agency decision denying her application for Supplemental Security Income under Title XVI of the Social Security Act.  Because the Administrative Law Judge's Decision lacked analysis of paragraph A of two Listings Ms. Carlson argued she met, this Court remanded the case for further findings.  Ms. Carlson now moves this Court for an award of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  Because the Court finds the Government substantially justified in taking the position it took, the Court denies Ms. Carlson's Motion.[1]

## DISCUSSION

The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United

---

[1] The Court determined it could decide the Motion based on the briefing and does not need oral argument.  *See* DUCivR 7-1(f).

-1-

States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "The government bears the burden of showing that its position was substantially justified." *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995) (citation omitted). "The test for substantial justification in this circuit is one of reasonableness in law and fact." *Id.* (citation omitted).

### The Government's Position Was Substantially Justified

Ms. Carlson argued she met Listings 12.04 and 12.08 from appendix 1 to the regulations. To meet Listing 12.04 or 12.08 a claimant must meet the requirements of paragraphs A and either B or C of the Listing. Paragraph A identifies certain medical findings; paragraph B lists functional limitations; and paragraph C—which only applies in certain Listings, including 12.04—lists functional criteria. *See* 20 C.F.R. Part 404, Subpart P, app. 1, § 12.00 (discussing mental disorders). The ALJ Decision did not discuss paragraph A but instead skipped directly to paragraphs B and C.

The Government argues its position was substantially justified because even if Ms. Carlson met paragraph A, she must also meet either paragraph B or C. Thus, findings by the ALJ that Ms. Carlson did not meet either paragraph B or C under Listing 12.04 or 12.08 would prevent her from meeting a Listing regardless of any findings under paragraph A. In many cases the Government would be correct. However, in this case the Court could not evaluate whether substantial evidence supported the ALJ's findings because the functional limitations or criteria in paragraphs B and C must stem from the medical findings of paragraph A and what findings the ALJ relied on were not obvious. For example, without knowing whether the ALJ thought Ms. Carlson suffered from Depressive Syndrome, Manic Syndrome, or Bipolar Syndrome and the specific manifestations of that syndrome the Court cannot assess whether substantial evidence

supports the ALJ's finding one of these syndromes and its manifestations did not result in either the paragraph B or C criteria.  Despite this error, the Court finds the Government's position substantially justified because of the idiosyncratic nature of this case.

In *Pierce v. Underwood* the Supreme Court stated that "a position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact."  487 U.S. 552, 566 n.2 (1988).  The Court finds the Government's position had a reasonable basis in law and fact and therefore had substantial justification.  Accordingly, the Court denies Ms. Carlson's Motion for EAJA attorney fees.

## CONCLUSION

For the reasons set forth above, the Court DENIES Ms. Carlson's Motion for EAJA attorney Fees (ECF No. 25).

Dated this 10th day of January, 2014.

BY THE COURT:

Evelyn J. Furse
United States Magistrate Judge